# CAMPUS COMMUNICATIONS, INC., etc. v CRISER, etc.

## Case No. 86-2280-CA-J

Eighth Judicial Circuit, Alachua County

September 19, 1986

## APPEARANCES OF COUNSEL

**Thomas R. Julin, Steel Hector & Davis,** for plaintiff.

**Barbara C. Wingo** for defendant.

## OPINION OF THE COURT

WAYNE M. CARLISLE, Circuit Judge.

## PEREMPTORY WRIT OF MANDAMUS TO MARSHALL M. CRISER, PRESIDENT OF *THE UNIVERSITY OF FLORIDA*

This cause came before the Court on Campus Communications, Inc.'s emergency complaint to enforce the Public Records Law, chapter 119, Florida Statutes (1985), and University of Florida President Marshall Criser's response to the Court's Order to Show Cause why a peremptory writ of mandamus should not be issued.

The complaint asks the Court to direct President Criser to make the portion of University of Florida Police Department Report No. 86-09697 which identifies the names of two victims of crimes, both of whom are students enrolled at the University of Florida, available to the plaintiff for inspection and copying. President Criser's response indicates he has refused to release the names of the student victims in reliance on subsection 228.093(e)(d), Florida Statutes (1985).

The Court has considered the pleadings, affidavits, memoranda, testimony of witnesses and oral argument submitted by counsel for the parties at the hearing required by section 119.11, Florida Statutes (1985), and has concluded that the cited section does not require or permit President Criser to withhold the names of student crime victims from the plaintiff.

The appropriate starting point for analyzing this issue is the Public Records Law itself. Subsection 119.07(3)(d) provides a general exemption from the disclosure requirements of the law for active criminal investigative and intelligence information. However, subsection 119.011(c)2. specifically states, in pertinent part, that active criminal investigative and intelligence information does not include "The name, sex, age, and address of a person arrested or of the victim of a crime." This subsection of the statute recognizes the importance of public knowledge regarding reported criminal activity, including both the names of the accused and the accusers.

Subsection 228.093(3)(d), the statute relied on by President Criser, imposes certain confidentiality rquirements on state educational institutions with respect to records maintained on students. These requirements do not, however, extend to every record in the possession of the university which identifies a student. Subsection 228.093(3)(d) states: "Every pupil or student shall have a right of privacy with respect to the *educational* records kept on him." Florida Statutes (1985) (emphasis added). The word "educational" is emphasized because it demonstrates that the Legislature had no intention of exempting records, such as those at issue, maintained by university police departments for law enforcement purposes.

98

Subsection 228.093(2)(e) defines "records" and "reports" to mean "any and all official records, files, and data directly related to pupils and students which are created, maintained and used by public educational institutions, including all material that is incorporated into each pupil's or student's cumulative record folder and intended for school use or to be available to parties outside the school or school system for legitimate educational or research purposes." The words "intended for school use" and "legitimate educational or research purposes" also suggest that the Legislature did not intend to include records which are maintained by university police for law enforcement purposes within the ambit of the confidentiality requirements for educational records.

In reaching the conclusion that police reports are not educational records protected by subsection 228.093(3)(d), the Court has considered the testimony of Dr. James C. Scott, dean for student services at the University of Florida, and Everett Stevens, chief of the University of Florida Police Department. Chief Stevens testified that police incident reports are routinely transmitted to the Office for Student Services. Dean Scott testified that the reports are then used by his office to determine whether students identified in the reports should be disciplined or provided academic counseling.

The review of the reports by the Office for Student Services does not, however, cast a blanket of confidentiality over them. Dean Scott testified that university counselors gather considerable information about their students, including information obtained from various public records. The mere use of such records by counselors does not strip them of their public nature.

Students' educational records such as test scores and aptitude test are quite appropriately required by law to be kept confidential, but an individual's enrollment at a state university does not entitle him or her to any greater privacy rights than members of the general public when it comes to reporting of criminal activity. The Florida Legislature never intended to make university students a specially protected class of crime victims.

Accordingly, it is ordered and adjudged that the defendant shall make that portion of University Police Department Report No. 86-09697 which identifies the names of victims of a crime available to the plaintiff for inspection and copying by no later than September 22nd, 1986, at 10:00 a.m. The Court reserves jurisdiction to consider the plaintiff's request pursuant to section 119.12, Florida Statutes (1985), for costs and attorney's fees.

Done and ordered in chambers at Gainesville, Alachua County, Florida this 19th day of September, 1986.